```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 05-61115-CIV-HURLEY
                                   MAGISTRATE JUDGE P.A. WHITE
PETER J. CORINES,           :

      Plaintiff,            :

v.                          :
                                        REPORT OF
BROWARD CO. SHERIFF'S       :        MAGISTRATE JUDGE
OFFICE, et al.,
                            :
      Defendants.
_____
```

## I. Introduction and Background

This Cause is before the Court upon a **Motion for Attorney's Fees and Costs (DE#133)** by defendant Fort Lauderdale Police Department ("FLPD") Officers Blish, Hancock, Babbit and O'Connor. The motion, which was filed after defendants prevailed at summary judgment on a claim of false arrest, was referred to the undersigned for report and recommendation (Order DE#134).

The defendants seek $27,120.00 in attorney's fees for services of Attorneys Dieter K. Gunther, Esq., and Alain E. Boileu, Esq., and of Paralegal Collen E. Connell. They further seek reimbursement of costs for a total amount of $635.15, consisting of $164.70 for photocopies, and $65.00 and $405.45 for transcripts of depositions taken of the plaintiff on two separate dates.

Plaintiff Corines was arrested on March 14, 2003, for larceny of a yacht that had belonged to him, and was jailed overnight. According to Corines, he bonded out, the State declined to prosecute, and the state criminal matter was closed. Corines stated that there had been a dispute over late mortgage payments for the vessel, but that he had made the required payment. He stated that he went to a marina to where the yacht was located, after the mortgage company had it moved. He retrieved his yacht using his keys, and was stopped by police as he was driving it to his home slip. At summary judgment, Corines proffered his affidavit stating that he had not been advised that he was in default, or threatened with repossession, and that when he became aware that the yacht had been removed from his slip, he contacted the bank, sent a payment

for his due balance on March 7, which according to him was received by the bank on March 13. According to Corines, he located the unlocked vessel on March 14, and "proceeded to return to home port." When he was stopped by police, he was handcuffed, and arrested without being given any chance to explain. According to Corines, the officers knew that the vessel was registered in his name. He also stated that an In Rem proceeding in the Southern District pertaining to the vessel had not yet been commenced.

A Final Order (DE#129) was entered, adopting a Report entered by the undersigned Magistrate Judge (DE#124) which recommended that defendants' motion for summary judgment (DE#94) be granted as to all named defendants and claims, based on entitlement to qualified immunity. That Report noted that even if there later came to light information that could call into question whether further investigation should have been conducted before arresting Corines, the officers were nonetheless entitled to qualified immunity. This was due to information which was made known to them at the time Corines was detained, upon which they were reasonably entitled to rely.[1]

Corines filed a Notice of Appeal to the Eleventh Circuit (DE#130), and the appeal [No. #08-14822-FF] is proceeding (see DE#s 131, 132, and 135-137).

Although the case is on appeal, the defendants who prevailed on summary judgment are, for now, are prevailing parties. As prevailing parties, they now seek attorneys' fees pursuant to 42

---

[1] Thomas Platcher from National Marine Liquidators, the bank's agent which had taken steps to repossess the vessel by removing it from Corines' slip, arrived on the scene after police stopped the vessel. Platcher told police that the vessel had been repossessed, that Corines on March 14 had gone on board with permission to retrieve personal items, and then, without permission, used his keys and removed the yacht from the slip where it was being stored. According to the police arrest report, Platcher also produced a document from the bank, from a month before, indicating that the vessel was being subject to repossession, and Platcher also signed an affidavit stating that he wished to prosecute. The Report concluded that in the absence of evidence indicating that police had reason to believe that Platcher was not a credible witness, they had cause to believe that Corines had committed an offense in violation of Florida's Theft statute, §812.014, where information made known to them indicated that the yacht had been repossessed, and that Corines had taken the vessel without permission, and was found in possession of it. The Report further concluded that even if the officers did not have actual probable cause, under the circumstances, a reasonable officer would have had at least arguable probable cause to arrest Corines.

U.S.C. §1988, and costs pursuant to 28 U.S.C. §1920. In accordance with this Court's Local Rule 7.3, the defendants timely filed their motion for fees and costs within 30 days of entry of the final judgment. (See DE#s 129, 133). One alternative under the circumstances would be to stay any ruling on the motion for fees and costs, pending resolution of the appeal. [This would avoid the necessity of reversing any award of fees or costs that might be granted, if plaintiff were to win on appeal and become a prevailing party in proceedings that could be ordered on remand]. There is, however, authority standing for the proposition that a district court may proceed on a motion for taxation of costs even while a substantive appeal is pending. See Klayman v. Freedon's Watch, Inc., No. 07-22433-Civ, 2008 WL 4194881, at *3 (S.D.Fla., Sept.12, 2008) (citing Baldauf v. Davidson, 2008 WL 711703 (S.D. Ind. March 14, 2008); Lorenz v. Valley Forge Ins. Co., 23 F.3d 1259, 1260 (7 Cir. 1994); McCloud v. City of Sunbury, 2006 U.S. Dist. Lexis 9187, 2006 WL 449198 (M.D.Pa. 2006)(finding no merit to a motion seeking a stay of motion for attorney's fees pending the outcome of an appeal)). It therefore appears appropriate for the Undersigned to proceed, and enter a Report with a recommendation for disposition of the referred motion for fees and costs, notwithstanding the pendency of the plaintiff's [non-prevailing party's] appeal.

## II.  Discussion

### Attorney's Fees

The defendants, quoting Sullivan v. School Board of Pinellas County, 773 F.2d 1182 (11 Cir. 1985), argue that "that a district court may in its discretion award attorney's fees to a prevailing defendant in a...section 1983 action upon a finding that the plaintiff's lawsuit was frivolous, unreasonable, or without foundation," Id., 773 F.2d at 1188. (See Motion, DE#133, pp.1-2). At page 2 of their motion, they further cite Sullivan for its holding that "in determining whether a suit is frivolous, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Id., 773 F.2d at 1189.

For the FLPD defendants to receive attorneys' fees as prevail-

ing parties, the Court must determine that plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). See Hughes v. Rowe, 449 U.S. 5, 14 (1980). The Supreme Court in Christianburg cautioned, as follows:

> [i]n applying these criteria, it is important to resist the understandable temptation to engage in *ad hoc* reasoning by concluding that, because a plaintiff did not prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Id., 434 U.S. at 421-22.

Here, the defendants cite factors that are considered "important" but not exhaustive, in evaluating whether a claim is frivolous. (See Motion, DE#133, p.2). These factors include: "(1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan, supra, 773 F.2d at 1189.

While "findings of frivolity have been sustained when either a motion for summary judgment or a motion for involuntary dismissal, Fed.R.Civ.P. 41(b), has been granted in instances where plaintiffs did not introduce any evidence in support of their claim," Head v. Medford, 62 F.3d 351, 355 (11 Cir.1995) (citing Sullivan, supra, at 1188-90), "frivolity determinations are not subject to immutable rules" and "rather must be made on a case-by case basis." Head, supra, at 355. An award of fees is not mandated merely because a defendant prevailed on summary judgment. See Woods v. Valentino, No. 5:05-cv-394-Oc-10GRJ, 2007 WL 2700981, at *2 (M.D.Fla. Sept.13, 2007)(citing Baker v. Alderman, 158 F.3d 516, 524 & n.50 (11 Cir. 1998, and O'Neal v. DeKalb County, Ga., 850 F.2d 653, 658 (11 Cir. 1988).

4

Even if a defendant prevails on summary judgment in a §1983 suit for damages, an award of attorneys fees is not appropriate if the case was difficult, see Busby v. City of Orlando, 931 F.2d 764, 787 (11 Cir. 1991)("although a majority of this panel believe that Chief Walsh is entitled to a directed verdict, we strongly note that this is a most difficult case. Accordingly, under the law of our circuit, the award of attorneys fees is inappropriate"), or if the "plaintiff's claims [were] meritorious enough to receive careful attention and review." See Id., 931 F.2d at 787. See also Walker v. Nationsbank of Fla. N.A., 53 F.3d 1548, 1559 (11 Cir. 1995)("[A] plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review").

In Hughes v. Rowe, 449 U.S. 5 (1980) the Supreme Court noted: "Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals ... Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by Christianburg." Hughes, supra, at 15-16.  The Court in Hughes, citing Christianburg, supra, 434 U.S. at 421-22, also noted, as follows:

> In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), we held that the defendant in an action brought under Title VII of the Civil Rights Act of 1964 may recover attorney's fees from the plaintiff only if the District Court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id., at 421, 98 S.Ct., at 700. Although arguably a different standard might be applied in a civil rights action under 42 U.S.C.  1983, we can perceive no reason for applying a less stringent standard. The plaintiff's action must be meritless in the sense that it is groundless or without foundation.  The fact that a plaintiff may

5

> ultimately lose his case is not in itself a sufficient justification for the assessment of fees. As we stated in Christiansburg:
>
> "To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 434 U.S., at 422, 98 S.Ct., at 701.
>
> No such finding supported the fee award in this case.

Hughes, supra, 449 U.S. at 14-15. The Hughes Court, at pp. 15-6, again citing Christianburg, further admonished that in cases such as the present one [in which the plaintiff Corines is proceeding *pro se* and is unschooled in the law], an award of fees may be inappropriate. In doing so Court stated, as follows:

> These limitations apply with special force in actions initiated by uncounseled prisoners. Faithful adherence to the principles of Haines v. Kerner [404 U.S. 519 (1972)] dictates that attorney's fees should rarely be awarded against such plaintiffs. The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims. As the Court noted in Christiansburg, even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit. 434 U.S., at 422, 98 S.Ct., at 700.

6

> Despite the lower court's conclusion to the contrary, the allegations of petitioner's amended complaint are definitely not meritless in the <u>Christiansburg</u> sense. Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals.

<u>Hughes</u>, <u>supra</u>, 449 U.S. at 14-15.

In this case, it does not appear that defendants offered to settle, and although summary judgment was granted in favor of the defendants for reasons discussed briefly in this Report above, and more fully in the earlier Report (DE#124), the plaintiff's claim was meritorious enough to survive a frivolity screening as required under 28 U.S.C. §1915A (<u>see</u> Reports DE#s 28,36; and Orders DE#s 33, 36). The defendants did not move to dismiss pursuant to <u>Fed.R.Civ.P.</u> 12(b)(6) on grounds that the claim against them was frivolous or failed to state a claim upon which relief can be granted. Ultimately, plaintiff Corines' claim failed because it appeared, on summary judgment, that the defendant officers were entitled to qualified immunity. His complaint, however, clearly was sufficiently "meritorious enough to receive careful attention and review," <u>Busby</u>, <u>supra</u>, 931 F.2d at 787; <u>Walker</u>, <u>supra</u>, 53 F.3d at 1559. For these reasons, and additionally, because he is an uncounseled prisoner, it appears that the requested $27,120.00 award of attorneys fees against inmate Corines should not be granted.

It is further noted that even if the Court were not inclined to adopt that recommendation, there is an additional reason that the request for fees, as presented, should be denied. This Court's Local Rules in pertinent part require that a motion for fees must: "(iv) describe in detail the number of hours reasonably expended, <u>the bases for those hours</u>, the hourly rate(s) charged, and the identity of the timekeeper(s)..." [emphasis added]. (Local Rule for the Southern District of Florida 7.3 A (iv)).

Here, in Ex.B to defendants' motion (DE#133-3, p.2) Attorney

Boileu, in an affidavit signed by him and notarized by Paralegal Connell, proffers a summation of fees, with hours worked, and hourly rates, for services of three individuals: ($11,340.00 for Mr. Gunther, based on 81 hours at $140.00/hr; $10,794.00 for Mr. Boileu, based on 77.10 hours at $140.00/hr; and $4,986.00 for Ms. Connell, based on 83.10 hours at $60.00/hr). The affiant, however, has not provided details which would allow the court assess the bases for the hours reported. For that reason, even if the Court were to overturn the recommendation that attorneys' fees should be denied, an amended affidavit would be necessary before fees could be assessed and taxed. See Dzwonkowski v. Dzwonkowski, No. 05-0544-KD-C, 2008 WL 2163916, at *16 (S.D.Ala., May 16, 2008) (Where Court could not discern which attorneys worked on which issues related to which particular claims, or on which documents they worked, and when such work occurred, "the lack of detail opens the door to denial of Defendants' motion"); NAACP v. City of Evergreen, Ala., 812 F.2d at 1337-1337 (11 Cir. 1987)(finding that affidavit was too ambiguous, and remanding the case so that the party could supplement its insufficient affidavits); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319 (5th Cir.1995) (eliminating all the hours claimed by an attorney for whom there was no supporting documentation).

## Other Costs

The defendants also seek to recover costs for photocopies, and transcriptions of depositions taken of the plaintiff.

Rule 54(d) of the Federal Rules of Civil Procedure provides for taxation of costs against non-prevailing parties. The relevant subsection of the Rule reads, in pertinent part, as follows:

> **(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...

(Fed.R.Civ.P. 54(d)(1)).  This language creates a presumption that costs will be awarded to the prevailing party, with the proviso the court is vested with discretion to decide otherwise.

Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc., 249 F.3d 1293, 1296 (11 Cir. 2001); Chapman v. Al Transport, 229 F.3d 1012, 1038 (11 Cir. 2000). See Delta Airlines, Inc. v. August, 450 U.S. 346, 351 (1981).

When denying a motion for full costs, a district court must articulate a sound basis for doing so. Chapman, supra, at 1039 (citing Head v. Medford, 62 F.3d 351, 354 (11 Cir. 1995); and Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4 Cir. 1999)).

While the Rule 54(d)(1) presumption in favor of awarding costs is tempered by the language granting a court discretion not to award the full amount of costs, the Eleventh Circuit has held that that discretion is not unfettered, Chapman, supra, 229 F.3d at 1039; Medford, supra, at 354, "since denial of costs is in the nature of a penalty for some defection on the [prevailing party's] part in the course of the litigation," Chapman, at 1039 (quoting Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5 Cir. 1977)). See Schwartz v. Folloder, 767 F.2d 125, 131 (5 Cir. 1985) (describing the denial of costs as "in the nature of a penalty").

Costs that a prevailing party is entitled to under the Rule are enumerated in 28 U.S.C. §§1821 and 1920. Fireman's Fund Ins. Co. v. Torppical Shipping and Constr. Co., 254 F.3d 987, 1012 (11 Cir. 2001). See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482, U.S. 437, 445 (1987).[2] Section 1920, the costs statute, lists only six items as recoverable costs, and while those enumerated costs are not exclusive, the Supreme Court has cautioned district court judges to give costs careful scrutiny and exercise restraint with regard to costs not specifically allowed by statute. Farmer v. Arabian American Oil Co., 379 U.S. 227, 235 (1964) ("We do not read [Rule 54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case").

---

[2] Section 1821, upon which defendants here do not rely, authorizes a daily attendance fee to be paid to a witness in attendance at any court of the United States, and allowances for certain travel related expenses.

Title 28, Section 1920, the statute in which allowable costs are enumerated, reads as follows:

> **§1920.  Taxation of Costs.**
>
> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

(28 U.S.C. §1920).

### Photocopies

Costs for copying, as requested by the defendants, therefore are among costs allowable under §1920(4). It is the burden of the party seeking costs for copying, however, to provide adequate information so that the Court can determine whether the copies were "necessary." See Desisto College, Inc. v. Town of Howey-In-the-Hills, 718 F.Supp. 906, 913-14 (M.D.Fla.), aff'd, 914 F.2d 267 (11 Cir. 1990)(denying recovery of photocopying costs, in the face of movants' failure to provide documentation necessary for Court to determine what copies were for mere convenience of counsel, and which were "necessarily obtained for use in the case"); Herbst v. General Accident Ins. Co., No. CIV. A. 97-8085, 2000 WL 1185517, at *2 (E.D.Pa. Aug. 21, 2000) (declining to allow costs for certain copied items, where movant failed to provide the Court with evidence needed to determine that documents were necessarily obtained, and that the rate charged and number of copies were reasonable); Hines v. Southeastern P.A. Transp. Auth., No. 92-4314, 1996 WL 460052, at *3 (E.D.Pa. Aug. 9, 1996) (where

Clerk initially denied costs for lack of showing of what was copied, but later amended the Judgment to include copying costs after invoices were submitted, the District Judge further revised the Clerk's taxation of costs, and in doing so ruled that the prevailing defendant was not entitled to copying costs, because the amended record contained stacks of invoices for copying services, but there was still no explanation of what was copied).

In this case, the defendants have merely listed 48 entries on a "Time and Expense" report (Ex.C at DE#133-4, pp. 5-9), for 4 persons [Users 0044, 0080, 0428, and 0429], listing the dates, amount charged, and the numbers of copies made. From this exhibit it can be determined that, at 10¢ per copy, they seek to recover $164.70; but there is no evidence regarding the nature of the material copied, and for what it was used, or by whom. Accordingly, it appears that the request to tax costs for the copies should be denied.

### **Deposition Transcripts**

In relation to the transcription of depositions, the defendants seek to recover a total of $635.15 which they expended for a services of Capital Reporting Service, Inc., on two dates: 1) $65.00 on 9/6/07 [for a deposition transcript of plaintiff Peter Corines, Invoice No. 221062]; and 2) $405.45 on 10/23/07 [for and additional deposition transcript of Peter Corines, Invoice No. 222041]. (See Ex.C, DE#133-4 at p.3). These costs fall under the ambit of 28 U.S.C. §1920(2), which provides that a Court may award fees of a court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. In this Circuit, the Courts have held that the central factor in determining whether costs for depositions should be taxed is whether the depositions were "reasonably necessary." Maris Distributing Co. v. Anheuster-Busch, Inc., 302 F.3d 1207, 112 (11 Cir. 2002) (holding that District Court did not abuse its discretion in awarding deposition-related costs, where persons deposed were on losing party's witness list, and the listing of the deponents indicated both that the transcripts might be needed to cross-examine the witnesses, and that the information those people had on the subject matter was not so irrelevant or unimportant that their depositions were outside the bound of discovery); EEOC v. W & O,

Inc., 213 F.3d 600, 622 (11 Cir. 2000) (while noting courts' lack of consensus regarding taxability of depositions of parties or parties of interest, holding that "we find more persuasive the view of the courts that do not bar taxation of costs for depositions of parties, but, instead, look to whether the depositions were reasonably necessary"); Dictomatic, Inc., supra, 2000 WL 33115333, at *13 ("taxable costs" include "fees of the court reporter for stenographic transcripts 'necessarily obtained'"); Desisto College, supra, 718 F.Supp. at 912 (holding that whether deposition transcript was "necessarily obtained for use in the case" as provided in §1920(2), or obtained merely for convenience of the attorney is to be determined on a case by case basis; and further holding that the Court enjoys wide latitude in making this determination) (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5 Cir. Unit B 1981)).

In regard to this case, the Undersigned, to whom the pretrial proceedings through summary judgment were referred, takes note that, at summary judgment, excerpts of a transcript of a deposition of Peter Corines taken on 10/23/07 were offered as Defendants' Exhibit F (Ex. DE#94-7). It is apparent that this second deposition, costing $405.45, was necessarily obtained for use in the case. It cannot be determined, however, based on the record, whether the earlier deposition, taken on 9/6/07, was "necessary," or obtained "merely for convenience of the attorney," Desisto College, supra at 912. Thus, the $65.00 cost of the 9/6/07 Corines deposition should be disallowed. Although the $405.45 cost of Corines' 10/23/07 deposition would ordinarily be allowed, the affidavit of Mr. Boileu listing that cost (Ex.C at DE#133-4, p.3) merely refers in a chart to Capital Reporting Service, Inc., and Invoice No. 222041; but no copy of the invoice from Capital is appended to Mr. Boileau's Affidavit/Exhibit. For that reason, taxation of the cost for Corines' 10/23/07 deposition should, for now, be denied. See Ferguson v. Bombardier Services Corp., 2007 WL 601921, at *3 (M.D.Fla., Feb. 21, 2007) (deducting cost of deposition, where no invoice was submitted).

### III. Conclusion

In sum, for reasons discussed, at length, above, the defendants' motion for attorney's fees should be denied. Although

costs sought for photocopies could conceivably be allowable costs under §1920(4), the affidavit of costs lacks sufficient detail, and for that reason it cannot be determined if they should be recoverable in this case. As noted, supra, the need for Corines' 9/6/07 deposition was not substantiated, and for that reason its cost should be disallowed. While the cost of Corines' 10/23/07 deposition, which clearly was necessarily obtained, would be an allowable cost under §1920(2), its taxation should be denied due to the defendants' failure to properly document their request, by appending a copy of the Court Reporter's Invoice No. 222041, as an attachment to their Affidavit at Exhibit C of their motion.

It is therefore recommended that the Defendants' Motion to Tax Attorneys' Fees and Costs (DE#133) be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: February, 27th, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Peter J. Corines, Pro Se
    249 Park Avenue
    Eastchester, New York 10709

    Alain E. Bolieu, Esquire
    ADORNO & YOSS LLP
    888 Southeast 3rd Avenue, Suite 500
    Fort Lauderdale, FL 33316

    The Honorable Daniel T.K. Hurley,
        United States District Judge